**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **BRYAN THOMAS, #R-12763,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **CIVIL NO. 11-529-JPG** |
| | ) | |
| **WARDEN BATES, DEBBIE ISAACS,** | ) | |
| **LT. HAYDEN, LT. BRAWLER,** | ) | |
| **ROBERT L. GADDIS, DR. FURLONG,** | ) | |
| **and WEXFORD HEALTH SOURCE,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Bryan Thomas, an inmate in Stateville Correctional Center ("Stateville"), brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983, based on events that occurred while Plaintiff was housed at Big Muddy Correctional Center ("Big Muddy"). Plaintiff is serving a four year sentence for attempted burglary. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id.* At the same time, however, the factual allegations of a pro se complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the complaint, the Court finds it appropriate to exercise its authority under § 1915A; portions of this action are subject to summary dismissal.

## **The Complaint**

The following summary of the facts is drawn from Plaintiff's first amended complaint (Doc. 23), filed on December 14, 2011. Plaintiff's primary claim is that the estimated 18-month delay in providing him with dental services to fill cavities in eight of his teeth constitutes deliberate indifference to his medical needs. Additionally, he asserts that he cannot meet his needs for hygiene items or send any non-legal correspondence because any state pay he earns is

deducted from his prison account, leaving him with no funds.

Plaintiff began his incarceration at Stateville on November 29, 2010.  A dental examination there revealed the cavities as well as a wisdom tooth that required extraction (Doc. 23, p. 9).  After Plaintiff was transferred to Robinson Correctional Center on December 10, 2010, the wisdom tooth was pulled, and he was told he would be placed on a waiting list to have the cavities filled.

More than three months later, Plaintiff was transferred to Big Muddy on March 30, 2011, still having received no treatment for the cavities.  When he saw the dentist on May 4, 2011, he was told it would take 18 more months before his cavities could be filled.  Plaintiff filed this action on June 16, 2011; when he filed his amended complaint in December 2011, he still had received no further dental treatment.  He states he wrote a number of grievances attempting to get care for his cavities, to no avail (Doc. 23, p.6).  He claims that the condition of his teeth has worsened over time.  Pieces have fallen off his decayed teeth, and he has "shooting pain" when he eats or drinks hot or cold food or beverages (Doc. 23, p. 10).  Only the medication he takes for his back keeps him from being in a state of constant pain.  He fears that if the cavities are not filled, he could lose one-fourth of his teeth, that could otherwise be saved if given treatment.

Because of the bad condition of his teeth, Plaintiff has a particular need for a toothbrush. When he was transferred to Big Muddy, his toothbrushes were lost or stolen.  He apparently has not been provided with an "indigent kit" containing hygiene items, allegedly due to the actions of Defendants Hayden, Brawler, and Gaddis.  He has been hindered from purchasing hygiene supplies because any pay he earns is deducted from his prison account, evidently to reimburse the prison for legal postage and copying expenses incurred on Plaintiff's behalf (see Doc. 7, pp. 1, 3,

5-6).  Plaintiff states he has sold items, apparently to other inmates, in order to acquire hygiene

supplies (Doc. 23, p. 10).

Additionally, Plaintiff's lack of funds has prevented him from sending correspondence to

anybody outside the prison, with the exception of legal mail.  Plaintiff asserts that the taking of

his earnings has thus deprived him of his constitutional right to freedom of association (Doc. 23,

p. 11).

**Discussion**

Based on the allegations of the complaint, the Court finds it convenient to divide the pro

se action into three (3) counts.  The parties and the Court will use these designations in all future

pleadings and orders, unless otherwise directed by a judicial officer of this Court.  The

designation of these counts does not constitute an opinion as to their merit.

**Count 1 - Deliberate Indifference to Dental Needs**

Generally, an inmate's dissatisfaction with the medical care he receives in prison does not

state a constitutional claim for deliberate indifference to medical needs, even if the quality of care

was substandard to the point of negligence or malpractice.  *Estelle v. Gamble*, 429 U.S. 97, 106

(1976); *Sanville v. McCaughtry,* 266 F.3d 724, 734 (7th Cir. 2001); *Snipes v. DeTella*, 95 F.3d

586, 591 (7th Cir. 1996).  However, in certain instances, a constitutional claim may lie if a prison

official's actions amount to a failure to treat a serious medical condition.

> To prevail on an Eighth Amendment claim, a plaintiff must show that the
> responsible prison officials were deliberately indifferent to his serious medical
> needs. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Dunigan ex rel. Nyman
> v. Winnebago Cnty.*, 165 F.3d 587, 590 (7th Cir. 1999).  Deliberate indifference
> involves a two-part test.  The plaintiff must show that (1) the medical condition
> was objectively serious, and (2) the state officials acted with deliberate
> indifference to his medical needs, which is a subjective standard.

*Sherrod v. Lingle*, 223 F.3d 605, 619 (7th Cir. 2000).

The Seventh Circuit considers the following to be indications of a serious medical need: (1) where failure to treat the condition could "result in further significant injury or the unnecessary and wanton infliction of pain;" (2) "[e]xistence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment;" (3) "presence of a medical condition that significantly affects an individual's daily activities;" or (4) "the existence of chronic and substantial pain." *Gutierrez v. Peters,* 111 F.3d 1364, 1373 (7th Cir. 1997). In addition, a condition that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention is also considered a "serious" medical need. *Id.*

Plaintiff's condition meets several of the criteria described in *Gutierrez*. The failure to fill the cavities in his eight decayed teeth caused him to suffer unnecessary pain, as well as heightened the risk that he would lose some or all of those teeth due to the advancing decay. The Seventh Circuit has recognized that dental care is "one of the most important medical needs of inmates." *See Wynn v. Southward*, 251 F.3d 588, 593 (7th Cir. 2001) (inmate who alleged he suffered from bleeding gums, headaches, disfigurement, and inability to chew food without dentures stated a serious medical need). Thus, Plaintiff's allegations establish that he has an objectively serious medical condition. The remaining question is whether he has sufficiently alleged deliberate indifference on the part of the various Defendants.

As to the subjective component of a deliberate indifference claim, the Supreme Court has stated:

> [A]n Eighth Amendment claimant need not show that a prison official acted or failed to act believing that harm actually would befall an inmate; it is enough that the official acted or failed to act despite his knowledge of a substantial risk of serious harm . . . . Whether a prison official had the requisite knowledge of a

>substantial risk is a question of fact subject to demonstration in the usual ways,
>including inference from circumstantial evidence . . . and a factfinder may
>conclude that a prison official knew of a substantial risk from the very fact that the
>risk was obvious.

*Farmer v. Brennan,* 511 U.S. 825, 842 (1994).  Furthermore, a delay in providing medical

treatment "may constitute deliberate indifference if the delay exacerbated the injury or

unnecessarily prolonged an inmate's pain."  *McGowan v. Hulick*, 612 F.3d 636, 640 (7th Cir.

2010) (discussing *Estelle v. Gamble,* 429 U.S. 97, 104-05 (1976)); *Gayton v. McCoy,* 593 F.3d

610, 619 (7th Cir. 2010); *Hoeft v. Menos*, 347 Fed. App'x 225, 227-228 (7th Cir. 2009) (inmate

stated deliberate indifference claim for six-month delay in treatment, where he suffered from pain

due to untreated cavities and tooth loss that prevented him from properly chewing his food).

The Seventh Circuit's decisions following this standard for deliberate indifference in the

denial or delay of medical care require evidence of a defendant's actual knowledge of, or reckless

disregard for, a substantial risk of harm.  *See Chavez v. Cady*, 207 F.3d 901, 906 (7th Cir. 2000)

(officers were on notice of seriousness of condition of prisoner with ruptured appendix because

he "did his part to let the officers know he was suffering").  The Circuit also recognizes that a

defendant's inadvertent error, negligence or even ordinary malpractice is insufficient to rise to

the level of an Eighth Amendment constitutional violation.  *See Duckworth v. Ahmad*, 532 F.3d

675, 679 (7th Cir. 2008); *Ciarpaglini v. Saini*, 352 F.3d 328, 331 (7th Cir. 2003) (courts will not

take sides in disagreements with medical personnel's judgments or techniques).

In Plaintiff's case, his decayed teeth and need for fillings were diagnosed in December

2010, when he was put on the waiting list for dental care.  From that time until Plaintiff filed his

amended complaint in December 2011, his cavities were never filled.  It should be noted that

Plaintiff was released on parole during the pendency of this case (Doc. 19).  According to the

website of the Illinois Department of Corrections ("IDOC"), the date of his release was November 22, 2011.[1]  The IDOC website also states that Plaintiff was returned to custody on May 11, 2012, presumably after a violation of his mandatory supervised release.  Thus, Plaintiff went without dental care for his cavities while in IDOC custody for approximately eleven months, before his November 2011 release.

Plaintiff blames Defendants Furlong (the prison dentist), Isaacs (the Health Care Unit Administrator), Bates (the warden), and Wexford Health Source ("Wexford") for the failure to provide timely dental care.  Defendant Furlong informed Plaintiff he would have to wait for 18 months before his cavities could be filled (Doc. 23, p. 9).  Defendant Isaacs, he claims, did not maintain adequate staff to provide timely care.  Plaintiff alleges that he made these Defendants aware of his condition and need for treatment through the grievances he filed.  At this stage of the litigation, Plaintiff has stated a claim for deliberate indifference against Defendants Furlong and Isaacs that should receive further review.

However, Plaintiff does not state a claim upon which relief may be granted against the other Defendants.  Although the warden, Defendant Bates, is the chief administrator of the prison, that does not translate into liability for any constitutional violations that may have been perpetrated by his subordinates.  "The doctrine of *respondeat superior* does not apply to § 1983 actions; thus to be held individually liable, a defendant must be 'personally responsible for the deprivation of a constitutional right.'"  *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (quoting *Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001)).  *See also Monell v.*

---

[1] Illinois Department of Corrections, Inmate Search page, http://www2.illinois.gov/idoc/Offender/Pages/InmateSearch.aspx (Last visited June 6, 2012).

*Dep't of Soc. Servs.*, 436 U.S. 658 (1978); *Eades v. Thompson*, 823 F.2d 1055, 1063 (7th Cir. 1987); *Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983); *Duncan v. Duckworth*, 644 F.2d 653, 655-56 (7th Cir. 1981). Plaintiff does not allege, nor do the circumstances indicate, that Defendant Bates had any personal involvement in the decision to delay his dental treatment. Therefore, the claim against Defendant Bates shall be dismissed without prejudice.

Defendant Wexford is a corporation that employs Defendant Furlong and provides medical care at the prison. It is not clear whether Defendant Isaacs is also an employee of Wexford. Regardless, Wexford cannot incur liability solely on the basis that it employed an individual who may have violated an inmate's constitutional rights. A corporation can be held liable for deliberate indifference only if it had a policy or practice that caused the alleged violation of a constitutional right. *Woodward v. Corr. Med. Serv. of Ill., Inc.*, 368 F.3d 917, 927 (7th Cir. 2004). *See also Jackson v. Ill. Medi-Car, Inc.,* 300 F.3d 760, 766 n.6 (7th Cir. 2002) (private corporation is treated as though it were a municipal entity in a § 1983 action). Plaintiff makes no allegation that any individual Defendant acted or failed to act as a result of an official policy espoused by Defendant Wexford. Plaintiff's claim against Defendant Wexford shall likewise be dismissed without prejudice.

**Count 2 - Deprivation of Income/Failure to Provide Hygiene Supplies**

Plaintiff complains that he has been unable to purchase a toothbrush or other hygiene supplies at the commissary because each time he receives income from his prison job, the money is deducted from his account. It appears from the trust fund statements submitted by Plaintiff in support of his application to proceed in forma pauperis (Doc. 7), that his income has been applied to the debt he owes to the prison for legal postage and law library photocopies. He identifies

Defendants Hayden, Brawler, and Gaddis as having failed to provide him with indigent hygiene supplies.

An inmate does not have a constitutionally protected property or liberty interest in a prison job, *see DeWalt v. Carter,* 224 F.3d 607, 613 (7th Cir. 2000), nor does a prisoner have a constitutional right to compensation for working. *See Vanskike v. Peters,* 974 F.2d 806, 809 (7th Cir. 1992). Moreover, while the prison is obligated to provide an inmate with access to the courts by advancing the funds to cover the costs of legal postage and copying legal materials, those advanced funds can be recouped when the inmate receives income to his trust fund account. *See Bounds v. Smith*, 430 U.S. 817 (1977); *Gaines v. Lane*, 790 F.2d 1299, 1308 (7th Cir. 1986) (inmates do not have a right to unlimited free legal postage; costs can be deducted from inmate trust account); *see also* ILL. ADMIN. CODE, tit. 20, § 525.130(a) (2011) (indigent inmates are "permitted to send reasonable amounts of legal mail . . . at State expense if they attach signed money vouchers authorizing deductions of future funds to cover the cost of the postage."). Therefore, Plaintiff cannot complain about the prison taking his state pay to recoup the costs advanced for his litigation expenses.

As to the allegation that Plaintiff has been denied a toothbrush and other hygiene supplies, if the deprivation of essential items leaves a prisoner exposed to the elements, or unable to care for his most fundamental needs, and thereby puts his health in jeopardy, a constitutional right may be implicated. In *Harris v. Fleming*, 839 F.2d 1232 (7th Cir. 1988), the Seventh Circuit considered an inmate's claim that he was denied toilet paper for five days and denied soap, a toothbrush and toothpaste for ten days, while "he was kept in a filthy, roach-infested cell." *Id.* at 1234. The Circuit noted that "[i]nmates cannot expect the amenities, conveniences

and services of a good hotel; however, the society they once abused is obliged to provide constitutionally adequate confinement." *Id.* at 1235-36.   The Circuit then noted that "[a]lthough Harris experienced considerable unpleasantness, he suffered no physical harm," *id.* at 1235, and found that the conditions simply did not rise to the level of an Eighth Amendment violation.

The plaintiff in *Harris* spent ten days without his hygiene items.  Plaintiff, by contrast, does not indicate if or how long he ever actually had to do without a toothbrush or other hygiene items.  His statements that he sold food and other items in order to obtain hygiene supplies indicates that he obtained what he needed through those efforts.  Although that would not excuse prison officials' failure to provide Plaintiff with indigent supplies if he qualified to receive them, he gives the Court no reason to believe he endured conditions similar to those in *Harris* for even a full day.  Furthermore, Plaintiff, like Harris, makes no allegation that he suffered actual physical harm as a result of the failure to provide him with hygiene supplies.  Plaintiff must allege a substantial injury-in-fact to make a claim for damages.  His constitutional rights have no inherent monetary value, *Memphis Cmty. Sch. Dist. v. Stachura*, 477 U.S. 299 (1986), and the adage *de minimis non curat lex* (the law does not concern itself with trifles) applies with the same force in civil rights litigation as in any other tort action.  *Bart v. Telford*, 677 F.2d 622, 625 (7th Cir. 1982).  Plaintiff's allegations will not support a reasonable inference that he was injured, in any legal sense, by his diminished ability to make commissary purchases.  Accordingly, his claim against Defendants Hayden, Brawler, and Gaddis shall be dismissed with prejudice.

**Count 3 - Denial of Freedom of Association**

Plaintiff's other complaint stemming from the deduction of his earnings to reimburse the

prison for his legal costs is that he has no funds to pay for non-legal postage, and thus cannot

freely "associate" with those outside the prison with whom he wishes to correspond.

It goes without saying that prisoners give up many rights upon their incarceration, and

they do not have the right to unfettered contact with persons outside the prison walls.  For

example, while inmates have a First Amendment right both to send and receive mail, that mail

can be opened and searched for security purposes.[2]  *Rowe v. Shake*, 196 F.3d 778, 782 (7th Cir.

1999) ("prison security is 'a sufficiently important governmental interest to justify limitations on

a prisoner's first amendment rights'").  Nor do prisoners have a fundamental constitutional right

to receive outside visitors.  *Ky. Dep't of Corr. v. Thompson,* 490 U.S. 454 (1989).  While these

limitations arise from the needs of the institution to maintain security, they illustrate that it is

permissible to curtail a prisoner's constitutional rights, so long as the restriction is "reasonably

related to legitimate penological interests."  *Turner v. Safley*, 482 U.S. 78, 89 (1987).  One of the

factors to be considered in assessing the reasonableness of accommodating an asserted

constitutional right is the impact on the allocation of prison resources.  *Turner*, 482 U.S. at 90-

91.

Plaintiff's claim, in essence, is that he should have the right to send personal mail at

taxpayer expense, just as he already has the right to send legal correspondence without restriction

(other than the obligation to repay the costs advanced on his behalf as his resources permit).  This

is not the law.  Even in the case of legal mail, a prisoner does not have the right to unlimited free

postage.  *Gaines v. Lane*, 790 F.2d 1299, 1308 (7th Cir. 1986); ILL. ADMIN. CODE, tit. 20,

---

[2] Privileged legal correspondence may only be opened in the presence of the inmate, but that is
not at issue here.

§ 525.130(a) (2011).  Prison authorities may make "a reasonable attempt to balance the right of prisoners to use the mails with prison budgetary considerations."  *Bach v. Coughlin,* 508 F.2d 303, 307-08 (7th Cir. 1974).

Accordingly, Plaintiff's claim of infringement on his right to association shall be dismissed with prejudice.

**<u>Disposition</u>**

**IT IS HEREBY ORDERED** that **COUNTS 2** and **3** fail to state a claim upon which relief may be granted, and thus are **DISMISSED** with prejudice.  Defendants **HAYDEN, BRAWLER** and **GADDIS** are **DISMISSED** from this action with prejudice.  Defendants **BATES** and **WEXFORD HEALTH SOURCE** are dismissed from the action without prejudice. The claims in **COUNT 1** shall receive further consideration.

**IT IS FURTHER ORDERED** that the Clerk of Court shall prepare for Defendants **FURLONG** and **ISAACS** (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff.  If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that, with respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the

Defendant's current work address, or, if not known, the Defendant's last-known address.  This
information shall be used only for sending the forms as directed above or for formally effecting
service.  Any documentation of the address shall be retained only by the Clerk.  Address
information shall not be maintained in the court file or disclosed by the Clerk.

**IT IS FURTHER ORDERED** that Plaintiff shall serve upon Defendants (or upon
defense counsel once an appearance is entered), a copy of every pleading or other document
submitted for consideration by the Court.  Plaintiff shall include with the original paper to be
filed a certificate stating the date on which a true and correct copy of the document was served on
Defendants or  counsel.  Any paper received by a district judge or magistrate judge that has not
been filed with the Clerk or that fails to include a certificate of service will be disregarded by the
Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the
complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate
Judge Philip M. Frazier for further pre-trial proceedings.

Further, this entire matter is **REFERRED** to United States Magistrate Judge Frazier for
disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the
parties consent to such a referral.*

**IT IS FURTHER ORDERED** that if judgment is rendered against Plaintiff, and the
judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full
amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been
granted.  *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against Plaintiff and remit the balance to Plaintiff. Local Rule 3.1(c)(1)

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  June 12, 2012**

*s/J. Phil Gilbert*
**United States District Judge**