IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| BRYAN THOMAS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 11-cv-00529-JPG-PMF |
| | ) | |
| WARDEN GATES, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**

This matter comes before the court on the Report and Recommendation ("R & R") (Doc. 108) of Magistrate Judge Philip M. Frazier with regard to Defendant Dr. Furlong's Motion for Summary Judgment (Doc. 91) and Defendant Deborah Isaacs' Amended Motion for Summary Judgment (Doc. 95). Due to the filing of an Amended Motion for Summary Judgment, Defendant Deborah Isaacs' Motion for Summary Judgment (Doc. 93) is **STRICKEN.**

Defendant Isaacs and Defendant Furlong filed objections (Docs. 110 & 109) to the R & R and Plaintiff filed responses to the defendants' objections (Doc. 111 & 112).

The Court may accept, reject or modify, in whole or in part, the findings or recommendations of the magistrate judge in a report and recommendation. Fed. R. Civ. P. 72(b)(3). The Court must review *de novo* the portions of the report to which objections are made. The Court has discretion to conduct a new hearing and may consider the record before the magistrate judge anew or receive any further evidence deemed necessary. *Id.* "If no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error." *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999). As objections have been filed, the Court reviews the R & R *de novo*.

Defendant Dr. Furlong's objections (Doc.109) to the R & R state that in denying Dr. Furlong's Motion for Summary Judgment, the R & R relied on, "Plaintiff's unsupported factual assertions that he experienced pain . . . and that Dr. Furlong had actual knowledge of these complaints." (Doc. 109, page 3).

The reviewing court must construe the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in favor of that party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Chelios v. Heavener*, 520 F.3d 678, 685 (7th Cir. 2008); *Spath*, 211 F.3d at 396. Although Defendant Dr. Furlong argues that the amount of pain is "unsupported factual assertions" and there is "no evidence" that Dr. Furlong was ever personally involved in the review of the Plaintiff's grievance, there is a genuine dispute as to amount of pain the Plaintiff suffered and whether Dr. Furlong could have reasonably known based upon his examination and the grievances filed based on the deposition testimony and the grievances. As such, a reasonable jury could return a verdict for the nonmoving party and summary judgment is not appropriate.

Defendant Deborah Isaacs' objections to the R & R argue that her Amended Motion for Summary Judgment should be granted as she relied on, ".. Dr. Furlong's medical judgment, she reported Plaintiff's complaints to the dental staff, reported to quality control meetings, and reported contract deficiencies." Defendant further argues that, "No reasonable jury could find Defendant Isaacs exhibited deliberate indifference by not overruling a dentist's trained medical opinion for her own untrained opinion." (Doc. 110, page 2).

The Court, however, believes that the Magistrate Judge was correct to note that managing the BMRCC HCU[1] was Defendant Isaacs' area of responsibility and that responsibility included reviewing inmates' grievances concerning medical treatment issues. The Court further agrees

---

[1] Big Muddy River Correctional Center Health Care Unit

with the Magistrate Judge that this matter is one of those unusual cases where a layperson would be able to make a determination of inadequate care and as such, there is a genuine issue of material fact and summary judgment is not appropriate.

It is noted that both Defendant Isaacs' objections and Defendant Dr. Furlong's objections contain a Request for Reconsideration of the Court's Order (Doc. 107).  Defendants admit that their reply briefs exceeded the five page limit set forth in Local Rule 7.1(d); however, they states that the excessive replies were necessary in order to respond to Plaintiff's Statement of Additional Facts (Doc. 97).

The Court is **DENING** reconsideration of its Order (Doc.107).  Even if the Court would consider the replies, both replies contain disputes of the fact presented by the Plaintiff.  As stated above, the reviewing court must construe the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in favor of the Plaintiff.  Further, disputed facts present a genuine issue of material fact and support that summary judgment is not appropriate.

Based on the foregoing, Defendant Deborah Isaacs' Motion for Summary Judgment (Doc. 93) is **STRICKEN** and **DENIES** reconsideration of its Order Striking Defendants' Reply Briefs (Doc.107).  **T**he Court hereby **ADOPTS** the Report and Recommendation in its entirety (Doc. 108) and **DENIES** Defendant Dr. Furlong's Motion for Summary Judgment (Doc. 91) and Defendant Deborah Isaacs' Amended Motion for Summary Judgment (Doc. 95).

**IT IS SO ORDERED.**

**DATED:**  3/9/2015               *s/J. Phil Gilbert*
                                  **J. PHIL GILBERT**
                                  **DISTRICT JUDGE**