### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| BRYAN THOMAS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 11-cv-00529-JPG-PMF |
| | ) | |
| WARDEN GATES, *et al*., | ) | |
| | ) | |
| Defendants. | ) | |

### MEMORANDUM AND ORDER

This matter comes before the Court on Plaintiff's Motion for Leave to File a Second Amended Complaint (Doc. 121).  Defendants filed a response (Doc. 122) in opposition of the motion to amend.

Plaintiff is motioning to file a second amended complaint as he failed to include a prayer for relief in his amended complaint.  Plaintiff states that a pray for relief was present in the initial complaint (Doc. 1 – prayer for $100,000 in compensatory damages, $100,000 in punitive damages, court costs, $40,000 per defendant and any and all equitable relief this court may deem just and equitable.)   However, the page containing the prayer for relief on the amended complaint was, "for reasons unknown," not included in the Court's filing. (Doc. 121).

Defendants argue against the Court granting leave for the plaintiff to amend stating that the Plaintiff is represented by counsel and the amended complaint has been on file for over 4 years (Amended Complaint, Doc. 23, filed 12/14/2011.)  Defendants also state that the Motion for Leave comes after the discovery deadline and that it would prejudice the Defendant to allow the Plaintiff to plead a request for "punitive damages, attorney's fee and other non-compensatory damages." (Doc. 122).

Courts should freely give leave to amend when justice so requires. Fed. R. Civ. P. 15(a)(2). However "district courts have broad discretion to deny leave to amend where there is undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice to the defendants, or where the amendment would be futile." Arreola v. Godinez, 546 F.3d 788, 796 (7th Cir. 2008).

Further, under federal pleading rules, the Court is permitted to award any warranted relief regardless of what the plaintiff seeks in his complaint. *See* Fed. R. Civ. P. 54(c) ("Every other final judgment [other than a default judgment] should grant the relief to which each party is entitled, even if the party has not demanded that relief in its pleadings."). Thus, even if the Plaintiff failed to pray for "punitive damages, attorney's fee and other non-compensatory damages," the Court could still award that relief if the evidence warranted it.

Defendants were put on notice in the initial complaint as to the relief that the Plaintiff was seeking. Further, as Defendants note, the amended complaint has been on file for over four years. During that period of time, Defendants could have motion to strike the pleadings for failing to comply with Federal Rule of Civil Procedure 8, but failed to do so.

The Court finds that there will be no undue prejudice to the defendants from allowing the Plaintiff to file a Second Amended complaint limited to including a prayer for relief. The plaintiff's Motion (Doc. 121) for Leave to file a second amended complaint is **GRANTED**. The Clerk of Court is **DIRECTED** to file the second amended complaint (Doc. 121-5) *instanter*.

**IT IS SO ORDERED.**

**DATED:**  8/11/2015          *s/J. Phil Gilbert*
                              **J. PHIL GILBERT**
                              **DISTRICT JUDGE**

2